[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPT (#198) RE: PLAINTIFF'S MOTION FOR MODIFICATION (#199)
The court has carefully considered the testimony of the parties and has reviewed the entire voluminous file in this matter in reaching its decisions in reference to the two motions heard on May 11, 1992.
Motion #198 — Plaintiff's Motion for Contempt
The following orders may enter:
1. The defendant owes an arrearage on child support in the amount of $13,640 as of May 11, 1992. The file reflects no order reducing the original order of $1250 per month, except for the order of this court, Coppeto, J. on October 30, 1989 reducing the payments to $1000 per month for the period of November, 1989 through April, 1990, only.
2. Under the judgment of dissolution, when the marital home was sold, the parties were to share equally the proceeds after payment of closing costs and the first mortgage. The court finds that because of the defendant's inability to pay his debts, attachments and liens against the property caused the property to be sold at a forced sale resulting in there not only being no equity realized but an apparent deficiency judgment is likely.
The property was sold for $301,500. The payments for the first mortgage and selling costs totalled $265,000. Except for the CT Page 4889 debts of the defendant, the parties would have realized the sum of $36,500. The plaintiff is entitled to 1/2 thereof or $18,250. The defendant is ordered to pay the plaintiff that amount. The defendant's failure to comply with several court orders resulted in that loss to the plaintiff.
Further, the defendant is ordered to indemnify and hold harmless the plaintiff from any liability for a deficiency judgment obtained as a result of the sale of the marital residence.
3. The judgment of dissolution provided that the defendant pay periodic alimony to the plaintiff for a specified period in the amount of $1 per year to be increased in any year for the difference between what the plaintiff earned below $50,000 and that amount up to a maximum payment of $10,000 per year. The court finds for the calendar year 1990 the plaintiff earned $43,000. Therefore, for that year, the defendant owes an arrearage for alimony in the amount of $7000.
To summarize, the court finds that the defendant owes the plaintiff the sum of $38,890, representing the amounts of $13,640, $18,250 and $7000.
The defendant shall discharge this obligation by making minimum payments of $250 per month commencing June 1, 1992 and on the first day of every month thereafter until the parties' minor child reaches his majority — At that time, either party may request a hearing for the court to determine how the balance will be paid.
A contingent wage withholding order may issue.
Plaintiff's Motion for Modification (#199)
Plaintiff's Motion is denied.
So ordered
NOVACK, J.